# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **OLIN WOOTEN,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:08cv00049 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **ROBERT C. LIGHTBURN,** | ) | |
| | ) | |
| Defendant. | ) | By: Pamela Meade Sargent |
| | ) | United States Magistrate Judge |

This case is currently before the court on the defendant's Motion To Dismiss, (Docket Item No. 5), ("Motion"). Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1332 based on diversity of citizenship of the parties. The Motion is before the undersigned magistrate judge by referral, pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following Report And Recommendation.

### *I. Facts*

The parties in this case have a history before this court. In June 2007, the plaintiff, Olin Wooten, sued the defendant, Robert C. Lightburn, in this court seeking money damages based on a number of claims arising from a 2005 land transaction between the parties. In September 2008, the court entered judgment in favor of Wooten against Lightburn in the amount of $390,244.75, plus prejudgment interest from May 16, 2007. Wooten filed this case against Lightburn on November 14, 2008,

-1-

under Virginia Code Annotated § 50-73.46:1 seeking to acquire Lightburn's interest in two limited partnerships in satisfaction of the September 2008 judgment.

Wooten attempted to serve the Complaint and Summons in this case on Lightburn on December 9, 2008, through a private process server. According to the Return Of Service filed with the court, (Docket Item No. 3), the "[p]leadings were posted in a conspicuous manner to a locked cattle gate which was located at the entrance to defendant's abode, and marked 'No Trespassing'. Service could not be made on a person in said abode, as server was unable to gain entrance to the property."

It is important to note that the court's docket incorrectly states that the Complaint and Summons were served on Lightburn on December 22, 2008. (Docket Item No. 3.) According to the Return Of Service, however, the process server posted the Complaint and Summons on December 9, 2008. December 22, 2008, is the date on which the process server executed the Return Of Service. Based on the December 22, 2008, date, the court's docket also incorrectly states that Lightburn's responsive pleadings were due to be filed by January 12, 2009.

Lightburn, through counsel, moved to dismiss the action with prejudice for lack of service of process on January 6, 2009.

*II. Analysis*

Lightburn argues that Wooten's claim against him should be dismissed because

Wooten has not properly served the Complaint and Summons on him as required under Federal Rule of Civil Procedure 4. Rule 4 requires a plaintiff to serve a complaint and summons on a defendant within 120 days of the filing of the complaint or face dismissal of his claim *without prejudice*. *See* FED. R. CIV. P. 4(c)(1) & (m) (emphasis added). Thus, even if the court finds that the service attempted on Lightburn was invalid, under Rule 4, Wooten still has until March 14, 2009, to serve Lightburn with the Complaint and Summons.

Lightburn argues that the service attempted on December 9, 2008, was invalid because it did not comply with Rule 4(e). While Rule 4(e) does not explicitly allow for service on an individual by posting a complaint and summons, Rule 4(e) does allow service on individuals according to state law. Virginia law allows substituted service on an individual "by posting a copy of such process at the front door or at such other door as appears to be the main entrance of [the individual's] place of abode...." VA. CODE ANN. §8.01-296(2)(b) (2007 Repl. Vol. & 2008 Supp.) Based on the undisputed facts as alleged on the Return Of Service filed with the court, the service attempted in this case did not strictly comply with this provision, in that the Summons and Complaint was not posted on a "door" of Lightburn's usual "place of abode." Nonetheless, it is undisputed that Lightburn has received actual notice of the filing of this action against him because he has retained counsel, who has filed the Motion on his behalf. "When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984).

-3-

That being the case, the undersigned finds that the service of the Complaint and Summons on Lightburn as posted on the entrance gate to his residence was valid service under Rule 4(e), in that Lightburn received actual notice of the pendency of this action against him. Therefore, the undersigned recommends that the court deny the Motion. In light of the error contained on the court's docket as to the deadline for the filing of responsive pleadings, the undersigned also finds that Lightburn's Motion was timely filed and recommends that the court give Lightburn 20 days from the date of the order denying the Motion to file his Answer to the Complaint.

### Proposed Findings of Fact and Conclusions of Law

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Wooten filed this action against Lightburn on November 14, 2008;
2. A process server attempted service upon Lightburn on December 9, 2008, by posting the Complaint and Summons "in a conspicuous manner to a locked cattle gate which was located at the entrance to defendant's abode, and marked "No Trespassing". Service could not be made on a person in said abode, as server was unable to gain entrance to the property;"
3. Lightburn received actual notice of this action against him because he retained counsel and filed the Motion on January 6, 2009; and
4. Service of the Complaint and Summons on Lightburn as posted on the

-4-

entrance to his abode was valid service under Rule 4(e), in that Lightburn received actual notice of the pendency of this action against him.

### **RECOMMENDED DISPOSITION**

Based upon the above-stated reasons, the undersigned recommends that the court deny the Motion. The undersigned further recommends that the court give Lightburn 20 days from the date of the order denying the Motion to file his Answer to the Complaint.

### Notice To Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in the matter to the Honorable Glen M. Williams, Senior United States District Judge.

The clerk is directed to send copies of this Report and Recommendation to all counsel of record.

**DATED:** This 23rd day of February, 2009.

/s/  *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE