# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **OLIN WOOTEN,** | ) |
| Plaintiff, | ) Civil Action No. 1:08cv00049 |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| **ROBERT C. LIGHTBURN,** | ) By: Pamela Meade Sargent |
| Defendant. | ) United States Magistrate Judge |

*I. Facts and Procedural History*

In June 2007, the plaintiff, Olin Wooten, a Texas resident, sued the defendant, Robert C. Lightburn, a Virginia resident, in this court seeking money damages resulting from a 2005 land transaction between the parties. On September 30, 2008, the court entered judgment in favor of Wooten in the amount of $390,244.75, plus prejudgment interest from May 16, 2007. Then, on October 24, 2008, Lightburn filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. However, Lightburn failed to file a bond with this court to stay the execution of the judgment and has paid no amount toward the satisfaction of the September 2008 judgment. As a result, Wooten filed this action against Lightburn on November 14, 2008, pursuant to Virginia Code Annotated §§ 13.1-1041.1 and 50-73.46:1, requesting that the court enter a charging order to constitute a lien on Lightburn's interest in two separate entities, namely Robert A. Lightburn, LLC, and The Game Place, L.L.C, to satisfy the September 2008 judgment.

This case is currently before the court on the Plaintiff's Motion For Summary

-1-

Judgment, (Docket Item No. 22), ("Motion"), which was filed on June 16, 2009. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1332 based on diversity of citizenship of the parties. The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

## *II. Analysis*

The standard of review with regard to a motion for summary judgment is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. Therefore, in reviewing the plaintiff's Motion in this case, the court must view the facts and inferences in the light most favorable to Lightburn. In order to be successful on a motion for summary judgment, a moving party "must show that there

-2-

Case 1:08-cv-00049-GMW-PMS   Document 24   Filed 07/14/09   Page 2 of 8   Pageid#: 98

is an absence of evidence to support the non-moving party's case" and that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore, Ky.*, 93 F.3d 230, 233 (6th Cir. 1996).

Pursuant to Federal Rule of Civil Procedure 69(a)(1), when a party seeks to enforce a money judgment, as in this case, such judgment is enforced by a writ of execution and "must accord with the procedure of the state where the court is located . . . ." Thus, since this court sits in the Western District of Virginia, the enforcement of the September 2008 judgment shall be governed by the appropriate Virginia law.

In this case, Wooten seeks summary judgment and requests that the court grant a charging order to create a lien on Lightburn's interest in Robert A. Lightburn, LLC, and The Game Place, L.L.C. According to representations made by Lightburn in response to a request for admissions in the Circuit Court for the County of Madison, Virginia, he owns a one hundred percent interest in Robert A. Lightburn, LLC, and is the sole member of The Game Place, L.L.C. (Motion at Exhibits A, B.) Lightburn indicated that Robert A. Lightburn, LLC, is a family limited partnership, which was set up by his father. (Motion at Exhibits A, B.) In an attachment to Wooten's Motion, he provided records from the State Corporation Commissioner identifying both entities as limited liability companies. (Motion at Exhibit C.) The court recognizes the discrepancy between Lightburn's representations and the records from the State Corporation Commission, in that Lightburn claimed that one entity was a partnership and the other was a limited liability company, while the State Corporation Commissioner identified both entities as limited liability companies. However, as noted by Wooten, whether one entity is a partnership and the other is a limited liability

-3-

company is immaterial, as the Virginia Code contains applicable sections for each entity setting forth practically identical remedies.

In relevant part, Virginia Code Annotated § 13.1-1041.1 states,

> On application by a judgment creditor of a member . . . a court having jurisdiction may charge the transferable interest of the judgment debtor to satisfy the judgment . To the extent so charged, the judgment creditor has only the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled in respect of the interest.

VA. CODE ANN. § 13.1-1041.1 (2006 Repl. Vol.) In addition, the applicable code explains, "[a] charging order constitutes a lien on the judgment debtor's transferable interest in the limited liability company" and the entry of such an order "is the exclusive remedy by which a judgment creditor of a member . . . may satisfy a judgment out of the judgment debtor's transferable interest in the limited liability company." VA. CODE ANN. §§ 13.1-1041.1(B), (D). Similarly, Virginia Code Annotated § 50-73.46:1 sets forth the same remedy which is applicable to a partnership and a partner's transferable interest that is subject to a charging order.

It is undisputed that this court entered judgment in the amount of $390,244.75, plus interest to be calculated from May 16, 2007, against Lightburn on September 30, 2008. Furthermore, it also is undisputed that Lightburn filed a notice of appeal to the Fourth Circuit, but, despite doing so, he failed to file a bond with this court staying the execution of the judgment and has made no payment toward the judgment. Pursuant to Federal Rule of Civil Procedure 62(d), "[i]f an appeal is taken, the appellant may

-4-

obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Thus, in order for Lightburn to stay the execution of the September 2008 judgment, he was required to file an appropriate bond with this court. By failing to do so, Lightburn essentially surrendered his ability to stay or delay the enforcement of the judgment. As such, in an attempt to enforce the judgment, Wooten properly sought to have a charging order entered against Lightburn's transferable interests in the previously mentioned entities, which would create a lien on such interests, thereby allowing Wooten to secure an interest in any monetary amounts that may satisfy the September 2008 judgment.

Thus, in viewing the facts and inferences from those facts in the light most favorable to Lightburn, the court is of the opinion that there is no genuine issue as to any material fact and that Wooten is entitled to a judgment as a matter of law, which will allow him to enforce the September 2008 judgment. Accordingly, the undersigned recommends that Wooten's Motion be granted and that a charging order be entered, creating a lien on Lightburn's transferable interests in Robert A. Lightburn, LLC, and The Game Place, L.L.C.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. On September 30, 2008, this court entered judgment in favor of

Olin Wooten and against the defendant, Robert C. Lightburn, in the amount of $390,244.75, plus prejudgment interest from May 16, 2007;

2. On October 24, 2008, Lightburn filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit;

3. Federal Rule of Civil Procedure 62(d) states that, "[i]f an appeal is taken, the appellant may obtain a supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal[;]"

4. Pursuant to Virginia Code Annotated §§ 13.1-1041.1 and 50-73.46:1, a judgment creditor may seek to have a court with jurisdiction enter a charging order as to the transferable interest of the judgment debtor to satisfy a judgment, which, in turn, creates a lien on the judgment debtor's transferable interest in a partnership or limited liability company;

5. Here, it is undisputed that Lightburn has failed to pay any amount toward the judgment and that he also has failed to file a bond with this court staying the execution of the September 2008 judgment pending his appeal to the Fourth Circuit;

6. As a judgment creditor, under Virginia law, in order to attempt to satisfy the September 2008 judgment, Wooten may seek to have a lien attached to entities in which Lightburn has an interest; and

7. Based upon the evidence before the court, there is no dispute as to any material fact; thus, a charging order should be entered against Lightburn, creating a lien on his transferable interest in Robert A. Lightburn, LLC, and The Game Place, L.L.C.

## RECOMMENDED DISPOSITION

Based upon the above-stated reasons, I recommend that the court grant the Plaintiff's Motion For Summary Judgment, (Docket Item No. 22), and enter an accompanying charging order, creating a lien on the defendant's transferable interests in Robert A. Lightburn, LLC, and The Game Place, L.L.C.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C);

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel and unrepresented parties of record.

ENTER: July 14, 2009.


/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE